

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00153-CR

**AARON MAURICE SPENCER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2020-1535-C1

## MEMORANDUM OPINION

A jury found Aaron Maurice Spencer guilty of evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04. The trial court assessed Spencer's punishment, enhanced by prior felony convictions, at fifty years' imprisonment. This appeal ensued. We will affirm the trial court's judgment as modified.

Spencer's appointed counsel filed a motion to withdraw and what we have termed an *Allison* brief—a traditional *Anders* brief that also alleges nonreversible error—in support of the motion. *See Cummins v. State*, 646 S.W.3d 605, 614 (Tex. App.—Waco 2022,

pet. ref'd) (referring to *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order)). Counsel asserts that he diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel when filing an *Anders* brief. *See id.* at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008). But counsel also identifies what we now recognize as a Category 2 nonreversible error that is not subject to procedural default regarding the assessment of court-appointed attorney's fees against Spencer. *See Cummins*, 646 S.W.3d at 616. Spencer filed a *pro se* response. The State also filed a response addressing both Spencer's *pro se* response as well as the merits of the nonreversible error presented by counsel.

When counsel files an *Allison* brief, we "will conduct an independent review of the record for reversible error involving the defendant's conviction and sentence and then treat the briefed nonreversible error as a merits issue." *Id.* at 612.

We have carefully reviewed the record, counsel's brief, Spencer's *pro se* response, and the State's response. We conclude that there is no error that would require reversal of Spencer's conviction or sentence. We thus turn to the nonreversible error identified by Spencer's counsel—that because Spencer was indigent during the entirety of this case, the trial court erred in assessing $4,045.00 in court-appointed attorney's fees against him.

The State concedes that the trial court erred here in ordering the repayment of court-appointed attorney's fees.

A trial court has the authority under article 26.05 of the Code of Criminal Procedure to order the reimbursement of court-appointed attorney's fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . ., including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the trial court's judgment states "SEE BELOW" in the space for court costs. The clerk's office subsequently issued a bill of costs, in which it states that Spencer owes $4,045.00 in court-appointed attorney's fees.

Before trial, the trial court found Spencer to be indigent and appointed an attorney to represent him. Once Spencer was initially found to be indigent, he was presumed to remain indigent for the remainder of the proceedings unless it was shown that a material change in his financial resources had occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). The trial court did not make any findings or otherwise address Spencer's financial condition again before signing the judgment. Furthermore, after signing the judgment, the trial court appointed an attorney to represent Spencer on appeal, stating

that Spencer "does not have sufficient funds to employ an attorney." Accordingly, the bill of costs should not have included $4,045.00 in court-appointed attorney's fees.

In cases such as this where Category 2 errors are raised, appellate courts have the authority to reform judgments and to affirm as modified. *Cummins*, 646 S.W.3d at 616–17. Accordingly, we modify the trial court's judgment such that it does not require the repayment of $4,045.00 in court-appointed attorney's fees from Spencer.[1]

Except for this modification, we agree with counsel that this appeal is wholly frivolous and without merit. *See McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988) (stating that an appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact"). Our independent review of the entire record in this appeal reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment as modified.

Counsel's motion to withdraw from representation of Spencer is granted.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
     (Chief Justice Gray concurring)
Affirmed as modified
Opinion delivered and filed December 21, 2022

---

[1] We also modify the certified bill of costs by striking the assessed court-appointed attorney's fees. *See, e.g., Bryant v. State*, 642 S.W.3d 847, 849–50 (Tex. App.—Waco 2021, no pet.); *see also* TEX. R. APP. P. 43.6.

Do not publish
[CRPM]

